# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CAPITAL PROMOTIONS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-48-HEA |
| | ) | |
| DON KING PRODUCTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the following motions: (1) Defendant's Motion to Strike Plaintiff's Expert Witnesses [ECF No. 29]; and (2) Defendant's Motion to Strike Plaintiff's Exhibits [ECF No. 53]. For the reasons set forth below, the Court will deny defendant's motion to strike expert witnesses and will grant its motion to strike certain exhibits that plaintiff attached to its resistance to defendant's motion for summary judgment.

### Background

Capital Promotions, LLC ("Capital") filed this action against Don King Productions, Inc. ("DKP") on January 12, 2010, alleging intentional interference with contractual relationships, fraud, conspiracy to interfere with contractual relationships, and *prima facie* tort relative to an agreement between DKP and Walter Tyeson Fields ("Fields") for a bout between Fields and Ray Lunsford in St.

Louis, Missouri, on February 5, 2005. Capital contends that it had a Promotional Rights Agreement with Fields, of which DKP was aware, providing Capital with exclusive rights to promote all fights for Fields.

On December 16, 2010, this Court entered an Amended Case Management Order [ECF No. 22], stipulating that the parties were to make all disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than July 12, 2010, and that motions for summary judgment were to be filed no later than July 15, 2011.

### *Defendant's Motion to Strike Experts*

On April 18, 2011, defendant filed a motion to strike three of plaintiff's expert witnesses [ECF No. 29]: Nate Boyd, Joseph DeGuardia, and Joe Grier. Defendant argues that plaintiff failed to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, and that the witnesses' testimony does not meet the requirements of Rule 702 of the Federal Rules of Evidence and should be deemed unreliable under *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993). On May 13, 2011, plaintiff filed its resistance to defendant's motion [ECF No. 34], arguing it had complied with Rule 26, striking the witnesses would be an inappropriate sanction, neither Grier nor DeGuardia is a professional witness, and Grier and DeGuardia's opinions are both admissible and relevant to the issue of

damages. Defendant filed a reply [ECF No. 35], reasserting its initial claims and taking issue with what damages are relevant in this case.

Having carefully reviewed the arguments advanced on behalf of both parties, the Court will deny without prejudice defendant's motion to strike plaintiff's expert witnesses. At this point, it is unclear if Nate Boyd, Joseph DeGuardia, and/or Joe Grier will be testifying as experts, and this issue, no doubt, will be raised just prior to trial, at which time the Court will be better able to make a final determination based upon the entire pretrial record. If these individuals are found to be expert witnesses, and if plaintiff failed to comply with Rule 26, their expert testimony will be barred.

### *Defendant's Motion to Strike Exhibits*

On July 15, 2011, defendant filed a motion for summary judgment [ECF No. 39]. On August 15, 2011, plaintiff filed a memorandum in opposition [ECF No. 45], as well as a statement of facts in support thereof and forty attached exhibits [ECF No. 46].[1] On September 1, 2011, defendant filed a motion to strike thirteen of the exhibits, in whole or in part, that were attached to and referenced in

---

[1]The Court notes that the Exhibits are numbered in order, with the exception that there is no Exhibit 10. The Court is assuming that all of defendant's references to the Exhibits were made in accordance with how plaintiff originally labeled them, not how they were subsequently docketed by the Clerk of Court.

plaintiff's statement of facts, to wit: Exhibits 4, 5, 6 (pages 9-15), 11 (pages 4-13), 18 (pages 5-15), 20, 26, 27, 29, 33, 34, 38, and 41.[2] Defendant contends that all said exhibits were either required to have been previously disclosed under Rule 26(a)(1) of the Federal Rules of Civil Procedure or in response to its request for production of document propounded on July 10, 2010 [ECF No. 53-1, pages 1-8]. Defendant further asserts that it first saw these documents when plaintiff attached them to its filing on August 15. Defendant asserts that because plaintiff failed to disclose these documents or to supplement both its Rule 26(a)(1) disclosures and its responses to defendant's request for production of documents, plaintiff is in violation of Rule 26(e) and is subject to sanctions under Rule 37(c)(1) of the Federal Rules of Civil Procedure. Defendant requests that the Court strike all of the above-referenced Exhibits. Plaintiff opposes the motion, arguing that none of the documents were deliberately withheld, and defendant was well aware of the difficulties involved with discovery in this case due to numerous other court proceedings that did not involve counsel in this case.

---

[2] The Exhibits include contractual documents, state court filings, documents concerning plaintiff's contention that its contract with Fields was broken due to interference, affidavits concerning alleged interference with plaintiff's promotion of Fields and resulting damage, and documents regarding plaintiff's promotion and co-promotion of Fields.

Rule 37(c)(1) states, in pertinent part:

> **Failure to Disclose or Supplement**. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Plaintiff does not dispute that it was required to produce the above-mentioned Exhibits in a timely fashion. Indeed, the Federal Rules of Civil Procedure, as well as the Court's own case management order, are designed to ensure full and timely disclosure of such documents. Moreover, it is clear that defendant was prejudiced by the late disclosure of these documents. Defendant prepared its motion for summary judgment based upon a certain set of known facts, only to be "surprised" by the late disclosure of thirteen exhibits that it had previously sought from plaintiff. The Court finds that plaintiff's failure to disclose the said Exhibits is without substantial justification, that the failure is not harmless, and that striking these Exhibits from the record does not run afoul of the Eighth Circuit Court of Appeal's ruling in *Heartland Bank v. Heartland Home Finance, Inc.*, 335 F.3d 810 (8th Cir. 2003). As such, Exhibits 4, 5, 6 (pages 9-15), 11 (pages 4-13), 18 (pages 5-15), 20, 26, 27, 29, 33, 34, 38, and 41 will be stricken from the record.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Witnesses [ECF No. 29] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall term and correct the docket entry for ECF No. 34, which should read "Plaintiff's Resistance to Defendant's Motion to Strike Witnesses and Daubert Motion to Exclude Expert Testimony and Opinions" (in relation to ECF No. 29).

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Exhibits [ECF No. 53] is **GRANTED** and that Exhibits 4, 5, 6 (pages 9-15), 11 (pages 4-13), 18 (pages 5-15), 20, 26, 27, 29, 33, 34, 38, and 41 are **STRICKEN** from the record.

Dated this 31st day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE